Case 4:22-cr-00348-GKF Document 31 Filed in USDC ND/OK on 11/10/22 Page 15 of 12
Case 2:22-mj-01185-LGD Document 3 Filed 11/02/22 Page 1 of 2 PageID #: 5

CLOSED

# U.S. District Court
## Eastern District of New York (Central Islip)
## CRIMINAL DOCKET FOR CASE #: 2:22-mj-01185-LGD All Defendants

| | |
|---|---|
| Case title: USA v. Sharkey | Date Filed: 11/02/2022 |
| Other court case number: 22-CR-348 Northern District of Oklahoma | Date Terminated: 11/02/2022 |

Assigned to: Magistrate Judge Lee G. Dunst

**22-cr-348-GKF-2**

### Defendant (1)

**Adam Sharkey**  
*TERMINATED: 11/02/2022*

represented by **Cary D. Kessler**  
Farley & Kessler P.C.  
55 Jericho Turnpike  
Suite 204  
Jericho, NY 11753  
(516)433-4220  
Fax: (516)939-9839  
Email: CDK@farleykessler.com *(Inactive)*  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*  
*Designation: Retained*

**Pending Counts**     **Disposition**
None

**Highest Offense Level (Opening)**
None

**Terminated Counts**     **Disposition**
None

**Highest Offense Level (Terminated)**
None

**Complaints**     **Disposition**
18:2315.F

**Plaintiff**

**USA**  represented by **Irisa Chen**
Edny-USAO
271-A Cadman Plaza East
Brooklyn, NY 11201
718-254-6124
Email: irisa.chen@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Government Attorney*

| Date Filed | # | Docket Text |
| --- | --- | --- |
| 11/02/2022 | 1 | RULE 40 AFFIDAVIT by Adam Sharkey (CT) (Entered: 11/09/2022) |
| 11/02/2022 |  | Arrest (Rule 40) of Adam Sharkey (CT) (Entered: 11/09/2022) |
| 11/02/2022 | 2 | Minute Entry for proceedings held on 11/2/2022 before Magistrate Judge Lee G. Dunst: Criminal Cause for Removal as to Adam Sharkey. Counsel for Defendant: Cary David Kessler, retained. AUSA: Irisa Chen. Pretrial Officer: Andrew Berglind. FTR Log: 5:29-5:49. Case called. Counsel for all sides present. Removal Proceeding. Other District: Northern District of Oklahoma. Other District Case Number: 22-CR-348 (GFK). Preliminary Hearing Waived. Order Setting Conditions of Release and Bond entered. Order Requiring Defendant to appear in another district entered. Defendant released on bond and required to appear in charging district. (CT) (Entered: 11/09/2022) |
| 11/02/2022 | 3 | WAIVER of Rule 5(c)(3) Hearing by Adam Sharkey (CT) (Entered: 11/10/2022) |
| 11/02/2022 | 4 | ORDER Setting Conditions of Release as to Adam Sharkey (1) $550,000. Ordered by Magistrate Judge Lee G. Dunst on 11/2/2022. (CT) (Entered: 11/10/2022) |
| 11/02/2022 | 5 | REDACTION by Adam Sharkey to 4 1 - Sealed Document CR, Order Setting Conditions of Release (CT) (Entered: 11/10/2022) |
| 11/02/2022 | 6 | COMMITMENT TO ANOTHER DISTRICT as to Adam Sharkey. Defendant committed to District of Northern District of Oklahoma. Ordered by Magistrate Judge Lee G. Dunst on 11/2/2022. (CT) (Entered: 11/10/2022) |

JJD:IC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | AFFIDAVIT IN SUPPORT OF REMOVAL TO THE NORTHERN DISTRICT OF OKLAHOMA |
| - against - | |
| ADAM SHARKEY, | (Fed. R. Crim. P. 5) |
| Defendant. | Case No. 22-MJ-1185 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

  James Tobin, being duly sworn, deposes and states that he is a Task Force Officer with the Homeland Security Investigations, duly appointed according to law and acting as such.

  On or about October 5, 2022, the United States District Court for the Northern District of Oklahoma issued an arrest warrant commanding the arrest of the defendant ADAM SHARKEY in connection with a criminal indictment under 22-CR-348 (GKF).

  The source of your deponent's information and the grounds for his belief are as follows:[1]

  1. On or about October 5, 2022, the United States District Court for the Northern District of Oklahoma issued an arrest warrant commanding the arrest of the defendant ADAM SHARKEY in connection with a criminal indictment under 22-CR-348 (GKF). A true and correct copy of the arrest warrant is attached hereto as Exhibit A.

---

[1] Because the purpose of this Affidavit is to set forth only those facts necessary to establish probable cause to arrest and remove the defendant to the Northern District of Oklahoma, I have not described all the relevant facts and circumstances of which I am aware.

2. The arrest warrant was issued in connection with a criminal indictment, dated October 4, 2022, charging the defendant ADAM SHARKEY with conspiracy to sell and receive stolen goods and the sale and receipt of stolen goods, in violation of 18 U.S.C. §§ 2315, 371, and 2, and conspiracy to commit money laundering and engaging in monetary transactions in property derived from specific unlawful activity, in violation of 18 U.S.C. §§ 1956(h) and 1957(a). A true and correct copy of the criminal indictment is attached hereto as Exhibit B.

3. On the morning of November 2, 2022, members of Homeland Security Investigations ("HSI"), including your affiant, conducted a traffic stop of a white 2021 Tesla that the defendant ADAM SHARKEY had previously been observed driving in front of 75 Sunrise Parkway, North Service Road in West Islip, New York to execute the above-referenced arrest warrant. When members of HSI encountered SHARKEY, he was asked to verify his name. SHARKEY identified himself as "Adam Sharkey." The driver's appearance also matched the appearance of ADAM SHARKEY in a photograph obtained from a law enforcement database. SHARKEY was also asked to provide a form of identification. SHARKEY provided members of HSI with a New York State Driver's License, which listed the name "Adam Sharkey" and matched the date of birth of the ADAM SHARKEY wanted in the Northern District of Oklahoma.

4. After confirming his identity, HSI members arrested SHARKEY on the arrest warrant.

5. Based on the foregoing, I submit that there is probable cause to believe that the defendant is the ADAM SHARKEY wanted in the Northern District of Oklahoma.

WHEREFORE, your deponent respectfully requests that the defendant ADAM SHARKEY be removed to the Northern District of Oklahoma so that he may be dealt with according to law.

James Tobin
Task Force Officer
Homeland Security Investigations

Sworn to me by telephone this
2 day of November, 2022

s/ Lee G. Dunst

HONORABLE LEE G. DUNST
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

3

# EXHIBIT A

# EXHIBIT B

United States District Court, Eastern District of New York

| UNITED STATES OF AMERICA | ORDER SETTING CONDITIONS OF RELEASE |
| --- | --- |
| V. | AND APPEARANCE BOND |
| Adam Sharkey, Defendant. | Case Number: 22-MJ-1185 (LGD) |

### RELEASE ORDER

It is hereby ORDERED that the above-named defendant be released subject to the Standard Conditions of Release on the reverse and as follows:
[ ] Upon **Personal Recognizance Bond** on his/her promise to appear at all scheduled proceedings as required, or
[X] Upon **Bond** executed by the defendant in the amount of $ 550,000.00 , and
secured by [X] financially responsible sureties listed below and/or [X] collateral set forth below.

**Additional Conditions of Release**

The Court finding that release under the Standard Conditions of Release on the reverse will not by themselves reasonably assure the appearance of the defendant and/or the safety of other persons and the community, IT IS FURTHER ORDERED as follows:

[X] 1. The defendant must remain in and may not leave the following areas without Court permission: [X] New York City; [X] Long Island, NY; [ ] New York State; [X] New Jersey; [X] Northern Dist. of Oklahoma _for court only_ and travel to and from this Court and the permitted areas.
[X] 2. The defendant must avoid all contact with the following persons or entities: Co-defendants, except Robert Sharkey but may not discuss case, victims, witnesses, potential witnesses .
[ ] 3. The defendant must avoid and not go to any of the following locations: .
[X] 4. The defendant must surrender all passports to Pretrial Services by 11/3/22 and not obtain other passports or international travel documents.
[X] 5. The defendant is placed under the supervision of the Pretrial Services Agency subject to the Special Conditions on the reverse and:
  [X] a. is subject to random visits by a Pretrial Services officer at defendant's residence and/or place of work;
  [X] b. must report [X] as directed by Pretrial Services or [ ] in person ___ times per ___ and/or [ ] by telephone ___ times per ___.
  [ ] c. must undergo [ ] testing, [ ] evaluation and/or [ ] treatment for substance abuse, including alcoholism, as directed by Pretrial Services.
  [ ] d. must undergo evaluation and treatment for mental health problems, as directed by Pretrial Services.
  [ ] e. is subject to the following location restriction program with location monitoring, as directed by Pretrial Services:
    [ ] home incarceration: restricted to home at all times, except for attorney visits, court appearances and necessary medical treatment;
    [ ] home detention: restricted to home at all times, except for attorney visits, court appearances, medical treatment, [ ] religious services,
      [ ] employment, [ ] school or training, [ ] other activities approved by Pretrial Services, [ ] _____
  [ ] curfew: restricted to home every day from _____ to _____, or [ ] as directed by Pretrial Services.
  [ ] Defendant must pay all or part of the cost of any required testing, evaluation, treatment and/or location monitoring with personal funds, based upon ability to pay as determined by the Court and the Pretrial Services Agency, and/ or from available insurance.
[X] 6. Other Conditions: (1) Surrender firearms at residence, (2) maintain Pretrial-approved residence (3) maintain employment approved by Pretrial

### APPEARANCE BOND

I, the undersigned defendant, and each surety who signs this bond, acknowledge that I have read this Appearance Bond and, and have either read all the other conditions of release or have had those conditions explained. I further acknowledge that I and my personal representatives, jointly and severally, are bound to pay the United States of America the sum of $ 550,000.00 and that this obligation is secured with the below interest in the following property ("Collateral") which I represent is/are free and clear of liens except as otherwise indicated:

[ ] cash deposited in the Registry of the Court in the sum of $ .
[X] premises located at: ▮▮▮▮ owned by ▮▮▮▮
[X] I also agree to execute a confession of judgment, mortgage or lien in form approved by the U.S. Attorney which shall be duly filed with the proper local and state authorities on or before November 15, 2022 .

Each owner of the above Collateral agrees not to sell the property, allow further claims or encumbrances to be made against it, or do anything to reduce its value while this Appearance Bond is in effect.

*Forfeiture of the Bond.* This Appearance Bond may be forfeited if the defendant fails to comply with any of the conditions set forth above and on the reverse. The defendant and any surety who has signed this form also agree that the court may immediately order the amount of the bond surrendered to the United States, including any security for the bond, if the defendant fails to comply with the above agreement. The court may also order a judgment of forfeiture against the defendant and against each surety for the entire amount of the bond, including any interest and costs. Date

▮▮▮▮▮▮▮▮▮▮▮▮▮▮

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release and of the penalties and sanctions set forth on the front and reverse sides of this form.

Release of the Defendant is hereby ordered on 11/2 , 20 22

_/s/ Adam Sharkey_
Signature of Defendant

_____, US MJ

Distribution:   Canary - Court   Pink - Pretrial Services   Goldenrod - Defendant

## STANDARD CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:
(1) The defendant must not violate any federal, state or local law while on release.
(2) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.
(3) The defendant must advise the Court, the Pretrial Services office, defense Counsel and the U.S. Attorney in writing before making any change in address or telephone number.
(4) The defendant must appear in court as required and must surrender for service of any sentence imposed as directed.
(5) The defendant must refrain from use or unlawful possession of a narcotic drug or other controlled substances as defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
(6) If the defendant fails to report as required to the Pretrial Services Agency, defendant may be subject to such random visits at his/her residence or work by a Pretrial Services Officer as may be necessary to verify his/her residence or place of employment in order to secure compliance with the order of release.
(7) The defendant must not possess a firearm, destructive device, or other weapon.

## SPECIAL CONDITIONS OF RELEASE FOR TESTING, TREATMENT OR EVALUATION
## AND FOR LOCATION MONITORING

1. If the defendant fails to appear for any specified treatment or evaluation, defendant may be subject to such random visits at his/her residence or work by a Pretrial Services Officer as may be necessary to verify his/her residence or place of employment in order to secure compliance with the order of release.
2. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing, as determined by Pretrial Services.
3. If defendant is subject to a location restriction program or location monitoring, defendant must:
   (a) stay at his/her residence at all times except for approved activities and may not leave for approved activities without providing prior notice to Pretrial Services, except in cases of medical emergencies.
   (b) abide by all program requirements and instructions provided by Pretrial Services relating to the operation of monitoring technology. Unless specifically ordered by the court, Pretrial Services may require use of one of the following or comparable monitoring technology: Radio Frequency (RF) monitoring; Passive Global Positioning Satellite (GPS) monitoring; Active Global Positioning Satellite (GPS) monitoring (including "hybrid" (Active/Passive) GPS); Voice Recognition monitoring.

## FORFEITURE OF THE BOND

This appearance bond may be forfeited if the defendant does not comply with the conditions of release set forth in this Order Setting Conditions of Release and Bond. The court may immediately order the amount of the bond and any Collateral surrendered to the United States if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

## RELEASE OF THE BOND

This appearance bond may be terminated at any time by the Court. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

## ADVICE OF PENALTIES AND SANCTIONS TO THE DEFENDANT

Defendant is advised that violating any of the foregoing conditions of release may result in the immediate issuance of a warrant of arrest, a revocation of the order of release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.
While on release, if defendant commits a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence defendant may receive.
It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.
If, after release, defendant knowingly fails to appear as the conditions of release require, or to surrender to serve a sentence, defendant may be prosecuted for failing to appear or surrender and additional punishment may be imposed, whether or not the defendant is convicted of the pending charges. If defendant is convicted of:
(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – defendant will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – defendant will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony – defendant will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – defendant will be fined not more than $100,000 or imprisoned not more than one year, or both.
A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence imposed. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

Distribution:     Canary - Court     Pink - Pretrial Services     Goldenrod - Defendant

AO 467 (Rev. 01/09) Order Requiring a Defendant to Appear in the District Where Charges are Pending and Transferring Bail

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| United States of America | ) | |
| --- | --- | --- |
| v. | ) | Case No. 22-mj-1185 (LGD) |
| ADAM SHARKEY | ) | |
| | ) | Charging District: Northern District of Oklahoma |
| Defendant | ) | Charging District's Case No. 22-CR-348 (GFK) |

## ORDER REQUIRING A DEFENDANT TO APPEAR IN THE DISTRICT
## WHERE CHARGES ARE PENDING AND TRANSFERRING BAIL

After a hearing in this court, the defendant is released from custody and ordered to appear in the district court where the charges are pending to answer those charges. If the time to appear in that court has not yet been set, the defendant must appear when notified to do so. Otherwise, the time and place to appear in that court are:

| Place: U.S. District Courthouse, N.D. Oklahoma 333 West Fourth St. Tulsa, OK 74103 | Courtroom No.: 411, Judge Frizzell |
| --- | --- |
| | Date and Time: To Be Determined |

The clerk is ordered to transfer any bail deposited in the registry of this court to the clerk of the court where the charges are pending.

Date: 11/2/22

s/ Lee G. Dunst
_____
Judge's signature

U.S.MJ Lee G Dunst
_____
Printed name and title

AO 466A (Rev. 12/09) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 22-MJ-1185 (LGD) |
| ADAM SHARKEY | ) | |
| | ) | Charging District's Case No. |
| Defendant | ) | |

## WAIVER OF RULE 5 & 5.1 HEARINGS
(Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* __Northern District of Oklahoma__ .

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named in the charges;

(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4) a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;

(5) a hearing on any motion by the government for detention;

(6) request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☒ an identity hearing and production of the warrant.

☒ a preliminary hearing.

☒ a detention hearing.

☐ an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 11/2/2022

_____
Defendant's signature

_____
Signature of defendant's attorney

Farley & Kessler, P.C. By GARY DAVID Kessler
Printed name of defendant's attorney

BEFORE: LEE G. DUNST                        DATE: 11/2/2022
UNITED STATES MAGISTRATE JUDGE       TIME: 3:00PM

## CRIMINAL CAUSE FOR REMOVAL

**DOCKET No.**    22-MJ-1185 (LGD)

**DEFENDANT: Adam Sharkey**        **DEF. #**
☐ Present    ☐ Not Present    ☒ Custody   ☐ Bail/Surrender

**DEFENSE COUNSEL**: Cary David Kessler
☐    Federal Defender    ☐    CJA    ☒    Retained

**A.U.S.A.**:     **Irisa Chen**

INTERPRETER:   ()

PROBATION OFFICER/PRETRIAL: Andrew Berglind

COURT REPORTER / FTR LOG : 5:29-5:49        MAGISTRATE DEPUTY: CT

☒    Case called    ☒    Counsel for all sides present

☒    Removal Proceeding. Other District: Northern District of Oklahoma

Other District Case Number: 22-CR-348 (GFK).

Identity Hearing:    ☐ Waived;    :   ☐ To be set in charging district

Preliminary Hearing:    ☒ Waived;   ☐ Set for _____.

☒    Order Setting Conditions of Release and Bond entered.

     ☒    Order Requiring Defendant to appear in another district.

☐    Commitment to another District entered.

☐    Temporary Order of Detention entered.

     ☐    Detention Hearing scheduled for:

☐    Bail Hearing held. Disposition:

☐    Next Court appearance scheduled for

Defendant:    ☒    Released on Bond and Required to appear in charging district;

OTHER: